UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENOIT, <br><br> Plaintiff, <br><br> v. <br><br> TRANSWORLD SYSTEMS, INC., et al., <br><br> Defendants. | Case No. 24-cv-01046-VC <br><br> **ORDER DENYING MOTION TO DISMISS** <br><br> Re: Dkt. No. 12 |

    The motion to dismiss is denied with regard to both the FCRA and invasion of privacy claims. This ruling assumes that the reader is familiar with the facts, the applicable legal standards, and the arguments made by both parties.

    *FCRA*. The Ninth Circuit established the pleading standards for the FCRA claim brought by Benoit in *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480 (9th Cir. 2019). This complaint is similar to the one that the court held was viable in *Nayab*: Benoit asserts that the defendants ran a credit report on him without a permissible purpose, and he includes allegations that the defendants had no business or contractual relationship with him, that the defendants were not involved in any debt collection activity pertaining to a debt of his, that the defendants were never retained by a creditor of his, and that the defendants never contacted him to collect on any of his debts. The defendants argue that this is not enough because Benoit does not include further factual matter to support those assertions. But the court in *Nayab* found that the permissible purposes listed in the FCRA are affirmative defenses for which the defendant bears the burden—they are "not elements of [the plaintiff's] prima facia case which [he] must negative to state a claim." *Id.* at 499.

    The defendants' motion to dismiss barely engages with the standard set out in *Nayab*.

The defendants never even cite to *Nayab* directly. And almost every case that they do cite is from before *Nayab* was decided. The defendants mostly just repeat that they are debt collectors and that it is permissible for debt collectors to access a credit report when deciding whether to collect on a debt. But Benoit has alleged that the defendants were not in the process of collecting on his debt. To the extent that it would be justifiable to dismiss Benoit's complaint under *Nayab*, the defendants have not provided a sufficient basis to do so. It would not be appropriate for the Court to do that work for the defendants, especially in light of the fact that Benoit is unrepresented. Thus, the FCRA claim may proceed. And the defendant debt collectors can prove what they assert in the motion—that they did have a permissible purpose under the FCRA to access Benoit's credit report.[1]

*Invasion of privacy (intrusion upon seclusion).* The invasion of privacy claim is very likely preempted by the FCRA. But, again, the defendants have not made a sufficient showing. The cases they cite all hold that FCRA preempts state tort claims against the *furnisher* of a credit report, not against the requester or recipient of such report. Thus, the claim cannot be dismissed on preemption grounds at this time—although the defendants may reraise the argument at summary judgment.

Benoit has stated a claim for intrusion upon seclusion. The Ninth Circuit stated in *Nayab* that providing a credit report without permission constitutes a "highly offensive" harm because the consumer is "deprived of the right to keep private the sensitive information about his or her person." *Id.* at 492. The information contained in a credit report was also described as "highly personal." *Id.* at 491. At the pleadings stage, that is enough to satisfy the elements of an intrusion upon seclusion claim, which are that the plaintiff has a "reasonable expectation of privacy" in the information and that the "intrusion was highly offensive." *Katz-Lacabe v. Oracle America, Inc.*, 668 F. Supp. 3d 928, 942 (N.D. Cal. 2023).

**IT IS SO ORDERED.**

---

[1] The Court is certainly open to discussion, at the case management conference, of ways that discovery can be streamlined for the purpose of teeing up an early summary judgment motion.

Dated: June 20, 2024

_____
VINCE CHHABRIA
United States District Judge